Besen & Assoc., Inc. v Cohen Media Group, LLC (2019 NY Slip Op 02628)





Besen & Assoc., Inc. v Cohen Media Group, LLC


2019 NY Slip Op 02628


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Oing, Singh, JJ.


8904 653526/15

[*1]Besen and Associates, Inc., Plaintiff-Appellant,
v
Cohen Media Group, LLC, et al., Defendants-Respondents.


Rich, Intelisano & Katz, LLP, New York (Joseph A. Gershman of counsel), for appellant.
Harwood Reiff LLC, New York (Donald A. Harwood of counsel), for respondents.



Order, Supreme Court, New York County (Ellen M. Coin, J.), entered June 15, 2017, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the cause of action for breach of an express brokerage agreement, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff commenced this action, inter alia, on the ground that defendants breached a brokerage agreement orally entered into between its principal, Rolfe Haas, Besen & Associates and defendants' principal in connection with defendant Cohen Quad Cinema, LLC's purchase of the Quad Cinema.
Supreme Court granted defendants' summary judgment, finding that plaintiff is precluded from asserting the claim as a third party beneficiary of the agreements.
We reverse. Section 4.4 of the Share Purchase Agreement dated August 20, 2014 between the nonparty seller and defendant purchaser Cohen Quad Cinema LLC states that "[e]xcept for Cohen Brothers Realty Corporation and Rolfe Haas, Benson & Associates [sic], no broker, finder or investment banker is entitled to a commission in connection with the transaction". Section 7.1 of the Share Purchase Agreement explicitly provides "that Purchaser shall pay all amounts payable to Cohen Brothers Realty Corporation and Rolfe Haas, Benson & Associates [sic]". The nonparty seller and defendant purchaser Cohen Quad Cinema LLC also entered into a second contract of sale also dated August 20, 2014, which is a separate agreement and does not preclude plaintiff from asserting a breach of an oral brokerage agreement. The complaint makes clear that plaintiff's first cause of action is for breach of a brokerage contract and not based on a third party beneficiary relationship.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK